Matter of Gulotta v New York State Thruway Auth. (2019 NY Slip Op 05743)





Matter of Gulotta v New York State Thruway Auth.


2019 NY Slip Op 05743


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

527672

[*1]In the Matter of BRIAN GULOTTA, Appellant,
v
NEW YORK STATE THRUWAY AUTHORITY, Respondent.

Calendar Date: June 7, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Rumsey, JJ.


Gleason, Dunn, Walsh & O'Shea, Albany (Ronald G. Dunn of counsel), for appellant.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the Supreme Court (Hartman, J.), entered March 21, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent terminating petitioner's employment.
Petitioner was employed by respondent since 1985, starting as a part-time toll collector and eventually being promoted to a toll division manager in 2015. In this management position, he supervised over 350 employees and oversaw the operations of 17 toll plazas in the Capital District. He was also in charge of organizing and leading training programs across the state. In October 2015, petitioner was scheduled to conduct a training program in the City of Buffalo, Erie County and the City of Syracuse, Onondaga County. Petitioner's assistant made hotel reservations for two nights — at separate hotels — in her name on petitioner's behalf. As was customary, petitioner received an advance check from respondent for $335, which he deposited. He ended up canceling the trip at the last minute, due to concerns over a family member's health. In December 2015, plaintiff received a request from respondent's finance office for his expense voucher from the October trip. In response, petitioner located copies of two different hotel receipts in the assistant's name. He then had respondent's IT department convert the PDF hotel receipts into a Word document so that he could substitute his name on the receipts, which he then submitted to the finance office with his travel voucher. Petitioner maintains that, while preparing an annual budget in July 2016, which required a review of his travel budget, he finally realized that he had canceled the October trip. He immediately notified respondent's finance office and sent it a $335 refund check.
Following an Inspector General investigation, petitioner was charged with submitting a false travel voucher and falsifying the two hotel receipts. Petitioner was suspended without pay, and, after a hearing pursuant to Civil Service Law § 75, respondent adopted the Hearing Officer's recommendation to terminate petitioner's employment. Petitioner commenced [*2]this CPLR article 78 proceeding, challenging the penalty of termination as unduly harsh. Supreme Court dismissed the petition, and petitioner appeals.
Judicial review of an administrative penalty is limited to "whether, in light of all the relevant circumstances, the penalty is so disproportionate to the charged offenses as to shock one's sense of fairness" (Matter of Castle v Maine-Endwell Cent. Sch. Dist., 111 AD3d 1221, 1221-1222 [2013] [internal quotation marks, brackets and citations omitted], lv denied 22 NY3d 862 [2014]). The record shows that petitioner was a long tenured employee with a previously unblemished record and a commendable employment history. That said, the Hearing Officer rejected petitioner's innocent mistake explanation, and we defer to that credibility assessment. As Supreme Court aptly observed, "petitioner's alteration of the receipts reflects, at the very least, dishonesty and a serious lapse of judgment." This is particularly troubling given his high level position. As such, we cannot say that the penalty of termination is shocking.
Egan Jr., J.P., Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.